UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN TAPIA a/k/a FREDDY PIZARRO, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>                        Plaintiff,<br><br>    -against-<br><br>EL PUERTO SEAFOOD CORP., and LUIS CRUZ, individually, and YUBANEX QUEZADA, individually,<br><br>                        Defendants. | **COMPLAINT**<br><br>Docket No.:  23-cv-9150<br><br>Jury Trial Demanded |

JUAN TAPIA, who is also known as FREDDY PIZARRO ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as these terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against EL PUERTO SEAFOOD CORP. ("El Puerto"), and LUIS CRUZ, individually, and YUBANEX QUEZADA, individually, (collectively, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

### NATURE OF CASE

1.      This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with a wage

statement containing specific categories of accurate information on each payday, NYLL § 195(3); and (iv) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a New York corporation that operates a Manhattan seafood market, as well as its owner and day-to-day overseers - - as a customer service representative and cashier, from in or around the middle of March 2016 until June 6, 2023. As described below, throughout his employment, but as is relevant herein, for the six-year period pre-dating the commencement of this action, plus an additional 228 days pursuant to Governor Andrew M. Cuomo's executive tolling orders ("the Relevant Period"), Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL. Specifically, throughout the Relevant Period, Defendants routinely required Plaintiff to work, and Plaintiff did work, in excess of forty hours each workweek, or virtually each workweek, yet Defendants paid Plaintiff on an hourly basis at his regular rate of pay for all hours that Plaintiff worked in a week, including those hours that he worked over forty, and thus Defendants did not pay Plaintiff overtime compensation at the statutorily-required rate of one and one-half times his regular rate for any hours that Plaintiff worked over forty in a week.

3. Defendants further violated the NYLL by failing to provide Plaintiff with any wage statement on each payday, let alone an accurate statement.

4. Defendants paid and treated all of their non-managerial employees in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his

claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

6.  Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who worked for Defendants in New York and who suffered damages as a result of Defendants' violations of the NYLL and the NYCRR.

## JURISDICTION AND VENUE

7.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8.  Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9.  At all times during the Relevant Period, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10. At all times during the Relevant Period, Defendant El Puerto was and is a New York corporation with its principal place of business located at 511 West 125th Street, New York, New York 10027.

11. At all times during the Relevant Period, Defendant Cruz owned and oversaw and Defendant Quezada managed, upon Cruz's delegation of those powers, the daily operations of El

Puerto. In those roles, both Cruz and Quezada were responsible for overseeing all of the day-to-day operations of the business, and were ultimately responsible for all personnel-related decisions for all of its employees, including, but not limited to, the hiring and firing of all employees, the setting of employees' hours, rates, and methods of pay, and for maintaining all employment records, including those matters with respect to Plaintiff and FLSA Plaintiffs.

12. At all times during the Relevant Period, all Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, at all times relevant to the FLSA, Defendant El Puerto's qualifying annual business exceeded and exceeds $500,000.00, and El Puerto was and is engaged in interstate commerce within the meaning of the FLSA, as it has employed and employs two or more employees, orders, sells, and buys fish and other seafood from vendors located in states other than New York that it sells to customers in New York, and also accepts credit cards as a form of payment based on cardholder agreements with out-of-state companies, as well as cash that naturally moves across state lines, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, as well as liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees, who during the applicable FLSA limitations period, performed any work for Defendants, and who consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

14. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

15. At all times relevant to the FLSA, Defendants are and have been aware of the requirement to pay their non-managerial employees, including Plaintiff and FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and continue to choose not to do so. Indeed, in April 2012, these Defendants were sued in another case in this District for almost identical violations of the FLSA as those at issue here, which they litigated for over two years before settling the matter in July 2014. During that time, Defendants surely learned the requirements of the FLSA's overtime provisions, yet after settling that case, they continued to violate the FLSA by requiring Plaintiff and FLSA Plaintiffs to work over forty hours in a week without overtime pay.

16. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

17. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, individually, as well as on behalf of all those who are similarly situated whom Defendants have subjected to violations of the NYLL and the NYCRR during the applicable statutory periods.

18. Under FRCP 23(b)(3), Plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

19. Plaintiff seeks certification of the following FRCP 23 class:

   Current and former non-managerial employees, who during the applicable NYLL limitations period, worked for Defendants in New York ("Rule 23 Plaintiffs").

<u>Numerosity</u>

20. At all times applicable to the NYLL, Defendants have, in total, employed at least forty employees that are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

21. There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours in a workweek; (3) whether Defendants have paid each Rule 23 Plaintiff at the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty; (4) whether Defendants furnished and furnish the Rule 23 Plaintiffs with a wage statement on each payday that accurately contains the information that NYLL § 195(3) requires; (5) whether Defendants kept and maintained records

with respect to the hours worked and compensation that they paid to the Rule 23 Plaintiffs; (6) whether Defendants maintain any affirmative defenses to the Rule 23 Plaintiffs' claims; (7) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (8) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

22. As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs as non-managerial employees who worked for Defendants in New York. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants in New York and have regularly worked over forty hours in a week without receiving overtime pay at the rate of one and one-half times their respective regular rates of pay, while Defendants also failed to provide them with an accurate wage statement on each payday. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations. Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

<u>Adequacy</u>

23. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants, in that Defendants regularly scheduled Plaintiff to work over forty hours in a week without overtime pay and did not furnish Plaintiff with an accurate wage statement on each payday, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs. Plaintiff is no longer employed with Defendants, and thus has

no fear of retribution for his testimony. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to him. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

24. Additionally, Plaintiff's counsel has substantial experience in this field of law.

### Superiority

25. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

26. Any lawsuit brought by a non-managerial employee of Defendants who performed work for Defendants in New York would be identical to a suit brought by any other similarly-situated employee for the same violations. Thus, separate litigation would risk inconsistent results.

27. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

28. Defendant El Puerto is a New York corporation that operates a seafood market located at 511 West 125th Street in Manhattan.

29. Defendant Cruz owns El Puerto, while Cruz and Quesada together manage and oversee the business and all personnel matters on a day-to-day basis as described above.

30. Plaintiff worked for Defendants as a customer service representative and cashier from in or around the middle of March 2016 until on or about June 6, 2023. In that role, Plaintiff was primarily responsible for taking orders, selling seafood, and working the cash register.

31. Throughout at least the Relevant Period, Defendants required Plaintiff to work, and Plaintiff did generally work, six days a week, Friday to Wednesday, from 10:00 p.m. until 6:00 a.m., without a scheduled or uninterrupted break during his shifts, for a total of forty-eight hours per week.

32. For his work, Defendants paid Plaintiff on an hourly basis at the rate of $17.00 per hour for all hours that Plaintiff worked in a week, including those hours that Plaintiff worked in a week over forty. Thus, Defendants did not pay Plaintiff at the rate of one and one-half times his regular rate of pay for any hours that he worked in a week over forty.

33. By way of example only, for the workweek of May 25 through June 1, 2023, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, without any scheduled or uninterrupted breaks during any shift:

> Thursday, May 25, 2023: off;
>
> Friday, May 26, 2023, to Saturday, May 27, 2023: 10:00 p.m. until 6:00 a.m.;
>
> Saturday, May 27, 2023, to Sunday, May 28, 2023: 10:00 p.m. until 6:00 a.m.;
>
> Sunday, May 28, 2023, to Monday, May 29, 2023: 10:00 p.m. until 6:00 a.m.;
>
> Monday, May 29, 2023, to Tuesday, May 30, 2023: 10:00 p.m. until 6:00 a.m.;
>
> Tuesday, May 30, 2023, to Wednesday, May 31, 2023: 10:00 p.m. until 6:00 a.m.; and
>
> Wednesday, May 31, 2023, to Thursday, June 1, 2023: 10:00 p.m. until 6:00 a.m.

Accordingly, Plaintiff worked a total of forty-eight hours during this week. In exchange for his work, Defendants paid Plaintiff at his regular hourly rate of $17.00 for all hours of work. Defendants did not pay Plaintiff at the rate of one and one-half times his regular rate of pay, which should have been $25.50, for any of the eight hours that he worked in excess of forty that week.

34. Throughout at least the Relevant Period, Defendants paid Plaintiff in cash on a weekly basis.

35. On each occasion during at least the Relevant Period when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with any wage statement, let alone a statement that accurately listed, *inter alia*, his total hours worked that week and his regular and overtime rates of pay for every hour that he worked.

36. Defendants' failure to provide Plaintiff with an accurate wage statement deprived Plaintiff of the ability to know exactly how much compensation he was entitled to and resulted in the underpayment of wages as asserted herein.

37. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

38. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

39. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

40. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

41. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

42. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

43. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

44. Defendants willfully violated the FLSA.

45. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

46. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL and the NYCRR*

47. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

49. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

50. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

51. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

52. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

53. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54. NYLL § 195(3) requires that employers furnish employees with a wage statement on each payday that contains accurate, specifically enumerated criteria.

55. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

56. As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with any wage statement, let alone a statement that accurately contained all of the criteria that the NYLL requires.

57. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

**DEMAND FOR A JURY TRIAL**

58. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs for participation in any form of this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

f. Awarding all damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between

wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

      g. Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

      h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

      i. Designation of Plaintiff and his counsel as collective and class action representatives under the FLSA and the FRCP, respectively;

      j. Pre-judgment and post-judgment interest, as provided by law; and

      k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
       October 17, 2023

                                  Respectfully submitted,

                                  BORRELLI & ASSOCIATES, P.L.L.C.
                                  *Attorneys for Plaintiff*
                                  910 Franklin Avenue, Suite 200
                                  Garden City, New York 11530
                                  Tel. (516) 248-5550
                                  Fax. (516) 248-6027

By:     _____
           ALEXANDER T. COLEMAN (AC 1717)
           MICHAEL J. BORRELLI (MB 8533)